# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MANN,<br>No. M04569,<br>  Plaintiff,<br><br>vs.<br><br>VIPIN SHAH,<br>MICHAEL SCOTT,<br>DAN VACEL,<br>TRACY PEEK,<br>CHRISTINE L. BROWN,<br>WEXFORD HEALTH SOURCES, INC.,<br>JOHN DOE, and<br>JANE DOE,<br>  Defendants. | Case No. 17-cv-336-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiff Robert Mann, formerly an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 3, 2017, while still incarcerated. The following day, Plaintiff was released on parole. Plaintiff contends officials at Pinckneyville denied him treatment for a torn rotator cuff. In connection with these claims, Plaintiff sues Wexford Health Sources, Inc., (corporate healthcare provider), Vipin Shah (physician), Michael Scott (physician), Dan Vacel (orthopedist), Tracy Peek (nurse), Christine L. Brown (healthcare administrator), John Doe (physician) and Jane Doe (nurse). According to the Complaint, Plaintiff sues all Defendants in their individual capacities, and he is seeking monetary damages.

1

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff suffers from a torn rotator cuff in his left shoulder. (Doc. 1, p. 7). This injury was diagnosed by medical staff at the Lake County Jail in April or June 2015. (Doc. 1, p. 12).

The injury causes severe and ongoing pain. (Doc. 1, pp. 8, 10). At the time of filing, Plaintiff continued to suffer from the shoulder injury and associated pain. (Doc. 1, p. 9).

Plaintiff generally alleges that, after being transferred to Pinckneyville in August 2015, he repeatedly sought treatment for his shoulder injury. (Doc. 1, pp. 7-11). He submitted numerous sick-call requests. *Id.* According to the Complaint, "many" of his sick-call requests were ignored. (Doc. 1, pp. 7, 11, 13). When Plaintiff was able to meet with medical staff, he contends he received inadequate and/or ineffective treatment. (Doc. 1, pp. 7-11). It appears that medical staff treated Plaintiff's injury with physical therapy and ibuprofen – treatments Plaintiff contends were ineffective. (Doc. 1, pp. 7-11; Doc. 1-1, pp. 2-28). Plaintiff repeatedly complained about his ongoing pain and repeatedly requested surgery, treatment from an outside specialist, and an MRI. *Id.* Plaintiff also complained that if surgery was delayed for too long, his injury could become permanent. *Id.* When his requests were denied, Plaintiff filed grievances detailing his injury and ongoing pain, his need for medical treatment, and the inadequacies of his current treatment. (Doc. 1, pp. 11-12; Doc. 1-1, pp. 16-28).

Many of the allegations included in the Complaint regarding Plaintiff's inadequate medical care are not directed at any specific defendant. (*See e.g.,* (Doc. 1, p. 10) (alleging that Plaintiff made dozens of requests for an MRI but all were denied by the Pinckneyville Healthcare Department); (Doc. 1, p. 10) (alleging Plaintiff filled out numerous sick call requests to make "them" aware of his ongoing medical issues); (Doc. 1, p. 10) (Plaintiff made between 20 and 30 requests to the Pinckneyville Healthcare Department)). Similarly, some of the factual allegations that are directed at specific defendants are conclusory and not supported by any specific facts. (*See e.g.* (Doc. 1, p. 11) (alleging that Pinckneyville Medical staff and Wexford Health Source Inc., including Dr. Doe, Nurse Doe, and Jane Does, failed to diagnose Plaintiff's

medical condition but failing to provide any facts regarding Plaintiff's interactions with these individuals)). However, Plaintiff also attaches relevant grievances that provide a detailed history of Plaintiff's alleged inadequate medical care.

The Court notes the following factual allegations that are associated with one or more defendants:

- Plaintiff was in segregation for approximately one month in August 2015. During this time, Plaintiff repeatedly submitted sick call requests and "many" were ignored. Shah, Vacel, and an unidentified nurse (Defendant Jane Doe) refused to assist Plaintiff and told Plaintiff he could not be treated until he was released from segregation. (Doc. 1, p. 7).

- Plaintiff had a sick-call visit with Peek, a nurse, on February 22, 2017. Peek did not follow routine examination procedures. Peek offered Plaintiff ibuprofen and informed him he would not be seeing a physician because Scott, one of Plaintiff's physicians, no longer worked at the prison. Peek did not examine Plaintiff's shoulder or respond to Plaintiff's complaints regarding his shoulder (other than to offer Plaintiff ibuprofen). (Doc. 1, pp. 8-9).

- At various times, Shah, Scott, Dan, and Peek told Plaintiff his surgical request had been submitted to Wexford for further review.

- Shah and Scott submitted Plaintiff's request for surgery to Wexford. The request was denied. When Plaintiff asked Shah why the request had been denied, Shah indicated he did not know but that it may be because the surgery is too expensive. After Plaintiff's surgery was denied, he continued to complain to Scott about his ongoing pain and his need for appropriate treatment. Plaintiff's complaints were ignored. (Doc. 1, pp. 9-10).

- After Plaintiff's surgical request was denied, he complained to Brown about his continued inadequate care, his shoulder injury and ongoing pain, and his need for surgery. His complaints were ignored. (Doc. 1, p. 10).

- As to Wexford, Plaintiff generally alleges that Wexford (or Wexford's staff) denied his request for surgery and/or failed to respond to his numerous requests for adequate treatment. (Doc. 1, pp. 7-13).

## **Discussion**

Based on the allegations of the Complaint, the attached exhibits, and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into a single count. Any other claim that is mentioned in the Complaint but not addressed in this Order should

be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **COUNT 1** - Defendants responded to Plaintiff's serious medical need (torn rotator cuff and associated pain) with deliberate indifference, in violation of the Eighth Amendment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

It is well established that prison officials and medical personnel violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Rasho v. Elyea*, No. 14-1902, 2017 WL 892500 (7th Cir. Mar. 7, 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016)). To state a claim in this context, a plaintiff must demonstrate that he suffered from a serious medical condition (i.e., objective standard) and the prison official responded with deliberate indifference (i.e., subjective standard). *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 834; *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

Plaintiff describes a previously diagnosed torn rotator cuff that caused ongoing and severe pain. The Court finds that this condition is sufficiently serious to support an Eighth Amendment claim at screening.

As set forth more fully below, the allegations in the Complaint are also sufficient to support a deliberate indifference claim with respect Shah, Vacel, Scott, Peek, Jane Doe, and Brown. The Complaint does not support a deliberate indifference claim, however, as to Wexford and the John Doe physician.

**Prison Physicians (Shah, Vacel, and Scott) and Nurses (Jane Doe and Peek)**

Although Plaintiff received ibuprofen and physical therapy, he contends these treatments were inadequate and that he relayed this information to medical staff. Despite ongoing pain and Plaintiff's repeated complaints, Plaintiff never received an MRI, surgery, or evaluation from an outside specialist. According to the Complaint, Shah, Vacel, and an unidentified nurse refused to provide Plaintiff with any treatment during his stay in segregation. Plaintiff alleges that Peek failed to provide adequate care during a sick call and failed to refer Plaintiff to a physician for further treatment. Shah indicated that Plaintiff's surgery may have been denied due to financial concerns and nonetheless failed to intervene on Plaintiff's behalf. Also, after Plaintiff's surgical request was denied, he continued to grieve his condition to Scott to no avail.

Deliberate indifference can occur even when some medical care has been provided. The "receipt of some medical care does not automatically defeat a claim of deliberate indifference." *Perez*, 792 F.3d at 777 (citing *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007)). *See also Arnett*, 658 F.3d at 751 (prisoner need not show that his medical needs were literally ignored). The standard is satisfied if the physician acts in a manner that is "contrary to the recommendation of specialists" or "delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez*, 792 F.3d at 777 (citing *Arnett*, 658 F.3d at 753; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). This is essentially what Plaintiff alleges in his Complaint. Accordingly, the Court will allow Plaintiff to pursue his deliberate indifference to medical needs claim against Shah, Vacel, Scott, Peek, and the Jane Doe nurse.

**Healthcare Administrator**

Plaintiff alleges that he complained to Brown regarding his injury, continued inadequate treatment, and ongoing severe pain. Plaintiff has also attached grievances to his Complaint,

6

although it is not entirely clear that the grievances were reviewed by Brown. The Court will allow the Complaint to proceed against Brown to allow for further development of the record. *See Perez,* 792 F.3d at 781-82.

**Wexford**

Wexford is a private corporation that serves as Pinckneyville's healthcare provider. In the Seventh Circuit, a private corporation generally cannot be held liable under § 1983, unless it maintained an unconstitutional policy or custom. *Perez*, 792 F.3d at 780 (citing *Woodward v. Corr. Med. Servs. of Ill., Inc*., 368 F.3d 917, 927 (7th Cir. 2014)). Here, although Plaintiff faults Wexford for his inadequate medical care, the Complaint falls short of alleging that his inadequate medical care was the result of a policy or custom maintained by Wexford. Accordingly, this claim shall be dismissed without prejudice as to Wexford. As this is the only claim asserted against Wexford, Wexford shall be dismissed from this action without prejudice.

**John Doe Physician**

Plaintiff generically alleges that the John Doe physician failed to diagnose his condition, but he does not provide any specific factual allegations with respect to the unidentified physician. Accordingly, the deliberate indifference claim shall be dismissed without prejudice as to the unidentified physician. As this is the only claim asserted against this Defendant, he shall be dismissed from the action without prejudice.

**Identification of Jane Doe Nurse**

Plaintiff shall be allowed to proceed against the specified Jane Doe Nurse. However, this defendant must be identified with particularity before service of the complaint can be made on her. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants

7

are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge.

In order to assist Plaintiff in identifying the proper defendant in this action, the Clerk shall be directed to add the current Warden of Pinckneyville (Karen Jaimet, Acting Warden of Pinckneyville), for the sole purpose of identifying the unknown defendant through discovery. Once Plaintiff discovers the unknown defendant's name, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* has been granted. (Doc. 6). Accordingly, service of summons and the Complaint will be effected at government expense. See 28 U.S.C. § 1915(d). In light of this decision, Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

Plaintiff also has filed a Motion for Recruitment of Counsel. (Doc. 3). This motion shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson**.

## Disposition

The Clerk is **DIRECTED** to terminate **WEXFORD,** and **JANE DOE** as parties in CM/ECF.

The Clerk is **DIRECTED** to add the current Warden of Pinckneyville (Karen Jaimet, Acting Warden of Pinckneyville), for the sole purpose of identifying the unknown defendant through discovery.

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **SHAH, SCOTT, VACEL, PEEK, BROWN,** and **JANE DOE. COUNT 1** is **DISMISSED** without prejudice as to **WEXFORD** and **JOHN DOE**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **SHAH, SCOTT, VACEL, PEEK, BROWN, JANE DOE,** and **JAIMET**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **JANE DOE** until such time as Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity and a ruling on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 15, 2017**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**